## WOODCOCK *v.* WOODCOCK.

*(Circuit Court, S. D. Ohio, E. D. June 22, 1891.)*

PATENTS FOR INVENTIONS—ANTICIPATION—GRINDING MILLS.

    In letters patent No. 382,302, issued May 1, 1888, to James S. Woodcock, claim 3 is for—"In a grinding mill, a stationary burr, a running burr within the latter, composed of a burr section or sections, and a dome-plate, insertible through said burr section or sections, and from which the latter are suspended with the means of attachment." Claim 4 is for—"In a grinding mill, the combination with the running burr, the fixed or stationary burr, and the case, having an exterior bottom flange, provided with holes for its attachment, of the annular meal trough, having the perforated lugs, m, and the bolts, a, securing said meal trough, said stationary burr, and the case together, and a ring conveyer having radial blades, located within said annular meal trough, and having means thereon for connecting it with the running burr, said meal trough being provided with a discharge orifice." *Held*, that each feature of the combination is old. The combination itself anticipates by the patents, and hence this patent is invalid.

In Equity.

*R. H. Parkinson* and *J. W. Firestone*, for complainant.

*Staley & Shepherd*, for respondent.

SAGE, J. The complainant's patent, No. 382,302, issued May 1, 1888, application filed May 26, 1887, contains five claims, the third and fourth of which, it is alleged, defendant has infringed. They are as follows:

"(3) In a grinding-mill, a stationary burr, a running burr within the latter, composed of a burr section or sections, and a dome-plate, insertible through said burr section or sections, and from which the latter are suspended with the means of attachment, substantially as described, for the purpose hereinbefore set forth.

"(4) In a grinding-mill, the combination with the running burr, the fixed or stationary burr, and the case, having an exterior bottom flange, provided with holes for its attachment, of the annular meal trough, having the perforated lugs, $m^t$, and the bolts, $a'$, securing said meal trough, said stationary

burr, and the case together, and a ring conveyer having radial blades located within said annular meal trough, and having means thereon for connecting it with the running burr, said meal trough being provided with a discharge orifice, substantially as set forth."

The bill includes also patent No. 213,273, issued to J. W. and S. J. Woodcock March 11, 1879, and by them assigned to complainant, March 27, 1888. Both patents relate to grinding mills; patent No. 382,202 being for an improvement on the other of earlier date. The mills are what are known as "feed grinding-mills," commercially as "sweep mills," and technically as "cone and shell" mills. In construction and appearance they are not unlike an ordinary hand coffee-mill enlarged, to receive and dispose of corn in the ear, or other substances, and reduce the same to meal suitable for feeding stock, or other purposes. Patent No. 213,273 was withdrawn upon the hearing, and may therefore be dismissed without further consideration.

Claim No. 3 in patent No. 382,202 is essentially for the sectional construction of the inner grinder or cone. The burr section is the lower outer periphery or skirt of the cone, having the final grinding teeth. The dome-plate is the upper part of the cone usually provided with breaking teeth, or preliminary grinders. These parts in the claim must be separable. The dome-plate is so formed that when put into place from below it projects through the top of the burr section, leaving the sections suspended therefrom. The means for supporting and attaching the parts described in the specification are over-lapping flanges and rectangular lugs, which fit into recesses or depressions of like shape on the dome-plate, and bolts which pass through these lugs and flanges.

The means for connecting the conveyer to the running burr, and the meal trough to the fixed stationary burr, in the fourth claim, consist, in the first instance, of engaging lugs, and, in the second, of perforated lugs and flanges, and bolts which pass through said lugs and flanges.

Prior patents show each and every separate feature of these claims. Patent No. 12,461, February 27, 1855, to Charles Leavitt, for improvements in portable grain-mills, shows the sectional grinders or removable burr sections both on the inner and outer grinders; the inner burr section supported on a dome-plate, which projects up through the same; the meal trough, connected to the stationary base plate of the mill by overlapping flanges; and the ring conveyer, having blades in the meal trough connected to the running burr, so as to revolve therewith. The inner cone is the stationary part of the mill, the outer shell being adapted to revolve.

Patent to Leavitt, May 11, 1858, shows sectional grinders or burr sections on both the cone and shell, the inner burr section being supported on or suspended by the cone, and the outer burr section secured in the outer shell or casing. This mill has also an annular meal trough, with a breaking flange, which is connected by bolts to an exterior flange on the outer casing. In this mill the inner burr revolves, and it is provided with radial blades, which revolve in the meal trough, and convey the meal to the discharge point.

Patent No. 22,997, to John De Frain, for an improvement in corn and cob mills, has a stationary removable burr section in the outer shell or casing, a meal trough, with a breaking flange connected by bolts to an exterior flange on the shell or casing; also radial blades, which operate in the meal trough, and are connected to the inner running burr.

Baugh's patent, issued April 30, 1867, for an improvement in grinding-mills, shows the removable outer and inner burr sections, the outer shell or case, with an exterior bottom flange and an inner revolving cone, the burr sections of which have inwardly projecting flanges at the top, by which they are connected to the dome-plate.

Patent November 23, 1875, to Hedges, shows an inner running cone or grinder, made in two sections, the lower burr section being bolted to the dome-plate. It has an outer stationary casing, with an exterior bottom flange, and a removable sectional grinder forming a part of the casing. The inner grinder revolves in an outside casing, as it does in complainant's patent.

The Hiscock and Sumner patent, February 15, 1876, No. 173,632, shows the inner and outer removable sectional grinders or upper sections, and a dome-plate from which the inner sectional grinder is supported, and which is inserted through the upper section. This mill has also an annular meal trough supported from the stationary frame of the mill, and radial blades or scrapers connected with the inner movable grinder, and revolving in the meal trough to convey the meal to the discharge. In this mill both the outer and the inner grinders revolve, but in opposite directions.

The Powers patent, March 16, 1877, No. 188,184, is for a mill having outer and inner sectional grinders. The inner section is provided with an interior flange, connected by bolts to the dome-plate. The outer section is connected by perforated lugs and bolts to the outer casing. In this mill the outer grinder rotates, and the inner grinder is stationary.

The Litchfield patent, No. 219,166, September 2, 1879, has inner sectional grinders with interlocking projecting lugs, connecting the burr section with the dome-plate, to take the strain off the connecting bolt. The lugs or projections fit into corresponding recesses in the dome-plate and grinding sections, respectively.

Baugh's patent, No. 233,833, November 2, 1880, is for a mill for reduction, particularly designed to grind ores of a silicious nature, as quartz, but relating to grinding or holding blades in crushing and grinding mills in general. It shows sectional inner and outer grinders; the exterior perforated flange in the stationary casing having bolts, which pass through ears or flanges on a feed trough, and connect the same and the inner stationary burr together. The inner burr sections have projecting flanges connecting them to the driving parts, and answering to the dome-plate in complainant's patent. A moving radial blade or scraper connected with the inner revolving grinder travels in the meal trough, and carries the meal to the discharge point.

The Field and McGee patent, for feed-mill, No. 246,877, September

13, 1881, shows the inner and outer sectional burrs and grinders, the inner burr 'section having inwardly .projecting flanges, which are connected by bolts to the dome-plate. The outer stationary burr or lower .shell is connected by bolts and perforated lugs to the outer casing or upper shell.

In the Schofield patent No. 272,334, February 13, 1883, the inner burr section is supported on a dome-plate which projects through the burr, and the outer stationary burr is provided with perforated lugs, connected by bolts to the stationary frame. A central revolving grinding ring operates between the inner and the outer stationary grinding device. This ring is. driven by lugs, which engage with the revolving breaker arms without the aid of bolts.

Schofield's patent, No. 210,916, January 20, 1885, shows an outer stationary grinder, and a running burr within the same. This burr consists of a burr section, and a dome-plate insertible through said section, the section being suspended by overlapping flanges from the dome-plate, and bolts and screws for connecting the dome-plate and burr section together. The outer stationary burr is provided with perforated lugs, and secured in the outer stationary casing by bolts, which pass through the lugs, and through perforated flanges or ears on the outer casing.

Patent No. 365,583, issued January 28, 1887, to Davies, application filed March 16, 1886, shows outer and inner burr sections, secured, respectively, to the outer case or shell and the inner dome-plate or cone by bolts. The inner burr section is supported on the dome-plate, which projects through, or is insertible through, the same.

The defendant also produces in evidence Exhibit Leavitt Mill, which was put into public use prior to 1870. This exhibit shows the outer and inner sectional grinders. The inner burr section is supported on a dome-plate, which projects through the section. The burr sections are secured by bolts to the outer shell and to the inner dome-plate or cone. This mill has a feed trough and a ring conveyer with radial blades, with means for connecting the feed trough to the stationary burr, and the conveyer to the running burr. This is accomplished by the use of engaging lugs on one part, which engage between shoulders or projections on the other part. ..

The defendant has also put in evidence what was called the "Stover Mill," which was in use on the farm of Mr. Bashore in December, 1884, and has an inner revolving grinder and an outer shell or casing. The inner grinder is composed of a dome-plate insertible through a burr section and provided with overlapping flanges from which the burr section is suspended. Projecting lugs on one of the parts fit into corresponding recesses on the other part, causing them to revolve together. This mill has a meal trough, and radial blades operated therein to convey the meal to its. discharge orifice. Both the outer and inner grinders revolve, but in opposite directions.

Exhibit. Farmers' Choice Mill, of 1882, introduced into public use by complainant five years prior to his application for the patent in suit, shows, with the exception of the feed trough and conveyer, identically

the outer construction of the patent sued upon; that is to say, the outer casing, the exterior bottom flange, the stationary burr section, with perforated lugs, and bolts passing through the lugs and flange for securing the stationary burr section and casing together. This mill shows also the inner sectional grinder, with the burr section secured to the domeplate by bolts, lugs, and flanges. When the complainant's mill is compared with these prior constructions it becomes apparent that, not only is each and every separate feature of the combination old, but that the combination itself is clearly anticipated. The record shows that frequent changes were made by manufacturers engaged in the construction of mills of the class to which the complainant's belongs, and that the firm or company of which the complainant was a member had almost every season, up to the spring of 1888, changed, in one respect or another, the form of its mills, so as to offer to the public continually what were called "improvements;" and, while this feature of their business called into constant play the exercise of mechanical skill, it did not require invention. Certainly there is no invention in the mill described in the complainant's patent.

The bill will be dismissed.